IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL ARMAHFIO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND; ACTING DIRECTOR DEPARTMENT OF CORRECTIONS, WARDEN JACK VICINO; CAPT. WILLIAM HUNT; LT. DOVE; LT. BRADDOCK; CAPT. LANOWAY, LT. BARRETT; LT. WALKER; C/O LOPES; C/O JONES; C/O FRAMENT; DEPUTY WARDEN LORI CARRUSSO; LT. FORTES; LT. HUSING; OFFICER GASPER; OFFICER SERVERINO; and LT. LEABEAU,<br><br>Defendants. | No. 26-cv-712-JJM-RLA |

ORDER

Paul Armahfio has filed, along with his Complaint, ECF No. 4, a Motion to Proceed *In Forma Pauperis* ("IFP"), ECF No. 2. The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). Mr. Armahfio is *pro se* and his Complaint is therefore measured against a more lenient standard of

pleading. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*per curiam*). *See also Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) ("courts hold *pro se* pleadings to less demanding standards than those drafted by lawyers."). *Pro se* status, however, "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

This Complaint is a 24-page compendium of grievances: alleged unlawfully-lengthy disciplinary segregation, harassment by officers, invasions of privacy stemming from filming, loss of property and medication, denial of access to legal material and retaliatory transfer within the prison. There are 17 correctional employees sued.[1]

None of the allegations adequately plead a violation of federal law, constitutional or statutory, which is necessary to meet the jurisdictional requirement of 28 U.S.C. § 1331. While Mr. Armahfio complains of 100+ days of punitive segregation, which could violate the negotiated rules resulting from *Morris v. Travisono*, No. 69-04192-JJM-PAS, ECF No. 28 (May 22, 2024), his exhibits demonstrate that he has aggregated separate punishments for different disciplinary violations to reach a number more than 30 days. Periods of solitary confinement of 30 days or less do not implicate due process interests absent deprivations greater than the ordinary ones suffered in administrative segregation – conditions that "impose[s] atypical and significant hardship on the inmate in relation to the ordinary

[1] The Complaint violates Fed. R. Civ. P. 10(a) by not naming each defendant in the caption, but the intended defendants are clearly identified and described in the body of the Complaint, ECF No. 4 at 3-7.

incidents of prison life." *Sandin v. O'Connor,* 515 U.S. 472, 484 (1995). To maintain a claim that conditions of confinement violate the Eighth Amendment, the Plaintiff must demonstrate conditions that are "inhumane," not simply harsh. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Mr. Armahfio's allegations fall far short of those thresholds. His complaints about being filmed, sleep deprivation, violations of disciplinary procedures, loss of property during transfers, the intra-prison transfer itself, and the like are not violations of law cognizable in a federal court action. Among the more than dozen defendants named are supervisors with no personal connection to the incidents described. Supervisory liability requires such a connection. *Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 582 (1st Cir. 1994).

While the Court would ordinarily extend leave to amend a Complaint to a *pro se* plaintiff, this Complaint does not suffer from a lack of information, either factual or in legal claims. Additional information would not help Mr. Armahfio in meeting the *Iqbal* standard.

The case is DISMISSED for failure to state a plausible federal claim for relief and the IFP Motion, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED:

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.,
Chief Judge
United States District Court

November 16, 2026